IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY SESSION, 1999

FILED

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9803-CR-00099 |
| | ) | |
| Appellant, | ) | |
| | ) | ANDERSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JAMES B. SCOTT, JR., |
| HOLLY RALSTON, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (STATE APPEAL) |

FOR THE APPELLEE:             FOR THE APPELLANT:

**J. THOMAS MARSHALL, JR.**      **JOHN KNOX WALKUP**
District Public Defender          Attorney General & Reporter

**KATHERINE J. KROEGER**        **ELIZABETH B. MARNEY**
Assistant Public Defender       Assistant Attorney General
101 South Main Street, Suite 450   2nd Floor, Cordell Hull Building
Clinton, TN 37716             425 Fifth Avenue North
                               Nashville, TN 37243

                               **JAMES N. RAMSEY**
                               District Attorney General

                               **JANICE G. HICKS**
                               Assistant District Attorney General
                               127 Anderson County Courthouse
                               Clinton, TN 37716

OPINION FILED _____

REVERSED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

In this case, the State appeals as of right from the trial court's dismissal of the indictment charging the Defendant, Holly Ralston, with two (2) counts of driving on a revoked license and two (2) counts of failure to appear in violation of Tennessee Code Annotated section 39-16-609. The trial court granted dismissal of the indictment because it found that the Defendant's rights to a speedy trial and due process had been violated by delay in prosecution. After review of the record and the briefs filed on behalf of the parties, we reverse the judgment of the trial court and remand this case for further proceedings.

The indictment charging Defendant was filed on April 1, 1997. In Count 1, the Defendant was charged with driving on a revoked license on or about March 24, 1993. In Count 2, the Defendant was charged with failure to appear in Anderson County General Sessions Court on that charge on March 29, 1993. In Count 3, Defendant was charged with driving on a revoked license on or about March 26, 1993, and in Count 4, the Defendant was charged with failure to appear in Anderson County General Sessions Court on that charge on April 12, 1993. The rather sparse record in this case reflects that Defendant was initially released on a citation in lieu of arrest for the driving on revoked license charge alleged to have occurred on March 24, 1993. Documents in the record also indicate that she was arrested on both driving on revoked license charges on March 26, 1993. There is one appearance bond in the amount of $1,500.00 executed March 26, 1993. This bond was apparently for the offense pertaining to the March 26, 1993 incident and indicated that she was to appear in court on April 12, 1993. Defendant was charged by an arrest warrant with failure to appear for the scheduled court appearance on

one driving on revoked license charge on March 29, 1993. She was also charged with failure to appear on April 12, 1993 on the other driving on revoked license charge. On January 21, 1997, all four (4) charges were bound over to the Anderson County grand jury.

No testimony was presented by either the State or the Defendant at the hearing on the motion to dismiss. Evidentiary portions of the record consist of documents showing that Defendant was in jail and had court appearances in Anderson County General Sessions Court on numerous occasions between March, 1993 and April, 1997. Records also show that Defendant was incarcerated in the Anderson County Jail for some periods of time between these pertinent dates.

There is no indication on either warrant charging failure to appear as to when Defendant was served with these warrants. However, it is noted on each one that the public defender was appointed to represent Defendant on October 28, 1996.

Our supreme court has recently noted that:

> Like the other courts that follow the majority view, this Court has determined that a warrant alone does not trigger speedy trial analysis; to the contrary, a formal grand jury action, or the actual restraints of an arrest are required.

State v. Utley, 956 S.W.2d 489, 493 (Tenn. 1997) [citations omitted].

Even if Defendant was "arrested" on the failure to appear charges as early as October, 1996, a delay of indictment by the grand jury until April 1, 1997 is not "presumptively prejudicial" requiring further inquiry into violation of a right to a

speedy trial regarding the two charges of failure to appear.  See State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996).

The State argues that only one (1) of the driving on revoked license charges is subject to speedy trial violation analysis, that being the charge for which Defendant made a bond in the amount of $1,500.00 after arrest.  However, both warrants charging driving on a revoked license reflect on the face of the document that Defendant was "arrested" for the charge of driving on revoked license.  Absent some proof in the record, i.e. testimony, to contradict what is on the face of the warrant, we will accept that Defendant was arrested for both charges of driving on a revoked license in March, 1993.  Therefore, the delay in prosecution of the driving on revoked license cases is subject to analysis of a possible violation of Defendant's rights to a speedy trial.

In Wood, our supreme court recognized that the United States Supreme Court in Barker v.  Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), adopted a balancing test to determine whether a defendant's Sixth Amendment rights to a speedy trial have been denied.  The Barker analysis was adopted by the Tennessee Supreme Court in State v. Bishop, 493 S.W.2d 81, 83-85 (Tenn. 1973).  See Wood, 924 S.W.2d at 346.

The four (4) factors which must be balanced are as follows:

(1)     The length of the delay.
(2)     The reason for the delay.
(3)     The defendant's assertion of [her] right to a speedy trial.
(4)     The prejudice resulting to the defendant from the delay.

-4-

Id.

The delay of four (4) years from arrest in March, 1993 until indictment in April, 1997 on the two (2) charges of driving on revoked license requires analysis of the remaining three (3) factors. The length of the delay weighs favorably for the Defendant.

Our supreme court noted that the second factor, reason for the delay, falls generally into one of four categories:

(1) Intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant.
(2) Bureaucratic indifference or negligence.
(3) Delay necessary to the fair and effective prosecution of the case.
(4) Delay caused, or acquiesced in, by the defense.

Wood, 924 S.W.2d at 346-47.

There is nothing in this record to indicate that the delay was intentional to gain a tactical advantage over the Defendant or to harass the Defendant. Likewise, there is absolutely nothing in the record to indicate that the delay was necessary for the fair and effective prosecution of the case. However, it can be inferred from this record that a portion of the delay was directly due to bureaucratic indifference or negligence. Likewise, it can be inferred that the delay was caused, or acquiesced in, by the Defendant.

Defendant was given a trial date on each charge of driving on a revoked license. The trial date on each case was within one (1) month of her arrest on each charge. From the record, it is apparent that the Defendant failed to appear in court for either charge. We find from this particular record, that the "bureaucratic

indifference or negligence" cause for the delay is equaled by, or surpassed by, Defendant's acquiescence and/or action in failing to appear which contributed to the delay.

From the record, it appears that the earliest Defendant would have asserted her right to a speedy trial on the charges of driving on a revoked license was in October, 1996. The Defendant argues that she made appearances in the General Sessions Court on unrelated charges on numerous occasions between 1993 and 1997, and that the State should have pursued the driving on revoked license charges during any one of these occasions. However, Defendant's analysis is a two-edged sword. On any of these occasions, she could have also asserted her right to a speedy trial on the charges of driving on a revoked license. While Defendant does not automatically waive a right to a speedy trial by failing to assert it, "[f]ailure to assert the right implies a defendant does not actively seek a swift trial. '[E]vidence that the defendant did not want a speedy trial would never warrant the finding of a constitutional violation except in 'extraordinary circumstances.'" (Quoting from State v. Baker, 614 S.W.2d 352, 355 (Tenn. 1981)). ( Wood, 924 S.W.2d at 347).

Our supreme court in Wood, viewed the fourth factor, whether the defendant has suffered prejudice by delay, as the most important factor. Id. at 348 (citations omitted). Defendant argues that she was prejudiced because she, as alleged in the motion to dismiss, had lost the "possibility of concurrent sentences." In Wood, defendant was charged with murder in a presentment returned by the Williamson County grand jury in September, 1979. At the time of this indictment, defendant was in custody in the State of Alabama awaiting trial on an unrelated

-6-

murder charge. He was convicted in Alabama. In March, 1984, a detainer was lodged against defendant and defendant became aware of this detainer shortly thereafter. However, defendant did nothing regarding the detainer against him until six (6) years later in 1990. The opinion in Wood, 924 S.W.2d at 348, reflects that defendant did not seek legal assistance or demand a speedy trial on the Tennessee charge until he found out that his pending parole in Alabama would be conditioned upon his return to Tennessee for trial on the murder charge in this state. The Tennessee Supreme Court in Wood noted as follows:

> Hence, we infer that the defendant did not necessarily want a speedy trial in Tennessee. After all, had the Tennessee charge ultimately died of neglect, there would have been no impediment to an unconditional parole in Alabama. Asserting his right to trial would have prevented that, and it would have exposed the defendant to the risk of a Tennessee conviction.

Wood, 924 S.W.2d at 348.

The supreme court in Wood found that the defendant

> deliberately chose to forgo a speedy trial request, hoping instead that the Tennessee charges would die of neglect. He acquiesced in the delay from the time he learned of the detainer in 1984 until 1990, after Alabama had offered conditional parole. Any presumption of prejudice is weakened to some degree by the defendant's acquiescence in the delay. Therefore, the prejudice factor weighs in favor of the State.

Wood, 924 S.W.2d at 348-49.

From this record, it appears that Defendant Holly Ralston acquiesced in the delay, and we can infer that she, in essence, like the defendant in Wood, hoped that the charges would "die by neglect." Since there is no proof in the record of actual prejudice, this factor weighs in favor of the State.

Analyzing the four (4) factors of <u>Barker v. Wingo</u>, we find that the length of the delay weighs in favor of the Defendant, and of the other three (3) factors, (a) the reason for the delay is neutral, (b) the Defendant's assertion of her right to a speedy trial weighs in favor of the State, and (c) the last, and most important factor, prejudice resulting to the Defendant from the delay, weighs in favor of the State. Therefore, we hold that Defendant's constitutional rights to a speedy trial were not denied in this case regarding the charges for driving on a revoked license.

While we have held that the Defendant's constitutional rights to a speedy trial were not implicated on the charges of failure to appear, we must still examine whether or not the Defendant was denied her right to due process because of the delay in prosecuting these charges. We hold that her rights to due process were not violated. In addition, we conclude that Defendant's rights to due process were not violated by the delay in prosecution of the driving on revoked license charges.

In <u>Utley</u>, our supreme court quoted from its previous decision in <u>State v. Gray</u>, 917 S.W.2d 668 (Tenn. 1996), and noted that for a defendant to show a violation of the right to due process resulting from a delay in prosecution, the defendant must prove:

(1)     There was a delay.
(2)     The accused sustained actual prejudice as a direct and proximate result of the delay.
(3)     The State caused the delay in order to gain tactical advantage over or to harass the accused.

<u>Utley</u>, 956 S.W.2d at 495 (citing <u>Gray</u>, 917 S.W.2d at 671).

The supreme court also recognized that while the need to show prejudice in relation to a speedy trial claim may have been relaxed, the need to show actual prejudice in relation to a due process claim is still required. Id.

Our review of the record reflects that there is no proof that the State caused a delay in order to gain tactical advantage over or to harass the accused and there is no proof of actual prejudice sustained by the Defendant as a "direct and proximate result" of the delay in prosecuting the cases. Therefore, we find that the Defendant's rights to due process as guaranteed by the United States and Tennessee Constitutions have not been violated.

As we have concluded that neither the Defendant's rights to a speedy trial or her rights to due process have been violated, we conclude that the indictment should not have been dismissed pursuant to Rule 48, Tennessee Rules of Criminal Procedure.

CONCLUSION

For the reasons stated herein, the judgment of the trial court is reversed, the indictment is reinstated, and this matter is remanded to the trial court for further proceedings.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
JERRY L. SMITH, Judge


_____
L. T. LAFFERTY, Senior Judge